By the Court;—Barbour, Ch. J.
The description given of the property which is the subject of the sale, in the body of the assignment, is a representation, first, that the paper assigned is a mortgage, and, *116 secondly, that such mortgage was made by Caroline and Thomas Wilson; and that representation constituted a warranty that such was the fact. •
hTo particular words are necessary to constitute a warranty. A representation that a horse is sound is a warranty, except as to defects which are patent or readily ascertainable; and, certainly, a bill of sale of one hundred barrels of superfine flour, which the purchaser has no means of inspecting because in closed casks, is a warranty that the article is what is known as superfine flour.
The particular agreement or stipulation which follows the assignment, in the same paper, was, in legal effect, also a warranty that the mortgage was then outstanding, or, in other words, in force as a mortgage ; and that warranty, it appears to me, is not limited by the words “ as against the said Wesley or any act or deed of his.” Be that as it may, however, it is enough, I think, to say that the defendant did sell and assign the instrument in question to the plaintiff as a mortgage made by C. and T. Wilson, and represented, and, ' therefore, warranted it to be so in his assignment. As I understand the case, that warranty was broken the moment it was made, because the paper assigned and described in the assignment as a mortgage made by C. and T. Wilson was not made by them, but was a forgery. The plaintiff, therefore, was entitled to recover.
The judgment should be affirmed, with costs.
Monell, J., concurred.